IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTIN SMILOW, Derivatively on behalf of INTEL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-cv-93-JJF |
| CRAIG R. BARRETT, PAUL S. OTELLINI, CHARLENE BARSHEFSKY, CAROL BARTZ, SUSAN L. DECKER, D. JAMES GUZY, REED E. HUNDT, JAMES D. PLUMMER, DAVID S. POTTRUCK, JANE E. SHAW, JOHN L. THORNTON, and DAVID B. YOFFIE, | ) ) ) ) ) ) ) ) | |
| Defendants, v. | ) ) ) | |
| INTEL CORPORATION, a Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) | |
| EVAN TOBIAS, Derivatively on behalf of INTEL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-cv-103-JJF |
| CRAIG R. BARRETT, PAUL S. OTELLINI, CHARLENE BARSHEFSKY, CAROL BARTZ, SUSAN L. DECKER, D. JAMES GUZY, REED E. HUNDT, JAMES D. PLUMMER, DAVID S. POTTRUCK, JANE E. SHAW, JOHN L. THORNTON, and DAVID B. YOFFIE, | ) ) ) ) ) ) ) ) | |
| Defendants, v. | ) ) ) | |
| INTEL CORPORATION, a Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) | |

**JOINT MOTION FOR ENTRY OF PRETRIAL ORDER
AND RULE 16 SCHEDULING ORDER**

By Order dated June 23, 2008, the Court scheduled a Rule 16 conference for August 6, 2008. Following receipt of the Order, the parties negotiated and agreed, subject to Court approval, to a form of Order addressing scheduling and Rule 16 issues, which is attached hereto as Exhibit A. The parties jointly request that the Order be entered and, if the Court has no questions, that the Rule 16 conference scheduled for August 6, 2008 be cancelled. Counsel for the parties are available at the convenience of the Court, either before or at the scheduled Rule 16 conference, should the Court have any questions or comments.

RIGRODSKY & LONG, P.A.

OF COUNSEL:

Joseph H. Weiss
David C. Katz
Ilya Nuzov
WEISS & LURIE
551 Fifth Avenue
New York, New York 10176
(212) 682-3025

STULL, STULL & BRODY
Jules Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

By   /s/ Brian D. Long
     Seth D. Rigrodsky (I.D. #3147)
     Brian D. Long (I.D. #4347)
     919 N. Market Street, Suite 980
     Wilmington, Delaware 19801
     (302) 295-5310
     E-mail: srigrodsky@rigrodskylong.com
     E-mail: blong@rigrodskylong.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By  */s/ Stephen C. Norman* |
|  | Donald J. Wolfe, Jr. (I.D. #285) |
| Jonathan C. Dickey | Stephen C. Norman (I.D. #2686) |
| Marshall R. King | Hercules Plaza, 6th Floor |
| GIBSON DUNN & CRUTCHER LLP | 1313 North Market Street |
| 200 Park Avenue | P. O. Box 951 |
| New York, NY 10166-0193 | Wilmington, Delaware  19899-0951 |
| (212) 351-4000 | (302) 984-6000 |
|  | E-mail:  dwolfe@potteranderson.com |
|  | E-mail:  snorman@potteranderson.com |
|  | *Attorneys for Defendants* |

Dated:  July 11, 2008

873212

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTIN SMIILOW, derivatively on behalf of INTEL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAIG R. BARRETT, *et al.*<br><br>    Defendants,<br><br>  And<br><br>INTEL CORPORATION,<br><br>    Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 08-cv-93 (JJF) |
| EVAN TOBIAS, derivatively on behalf of INTEL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAIG R. BARRETT, *et al.*<br><br>    Defendants,<br><br>  And<br><br>INTEL CORPORATION,<br><br>    Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 08-cv-103 (JJF) |

### PRE-TRIAL ORDER NUMBER ONE AND RULE 16 SCHEDULING ORDER

The parties having met and conferred about the subjects discussed below, and having agreed to the entry of this order,

IT IS HEREBY ORDERED THAT:

I. **CONSOLIDATION**

1) The Court finds that these cases complain of the same transactions, involve the same issues of fact and law, and that consolidation will not prejudice a substantial right of any of the parties. Accordingly, the captioned cases are hereby consolidated for all purposes, including trial. The Clerk of the Court will maintain a master docket and case file under the style "In re Intel Corporation Derivative Litigation," master file number 08-cv-93(JJF), the lowest case number of the captioned actions. All orders, pleadings, motions and other documents, when filed and docketed in the master case, will be deemed filed and docketed in each individual case to the extent applicable.

2) All documents henceforth filed in this consolidated action shall bear the following caption and no other captions or docket numbers:

| IN RE: INTEL CORPORATION | ) | 08-cv-93(JJF) |
| DERIVATIVE LITIGATION | ) | |

Documents intended to apply only to a particular case will indicate in their caption the case number of the case and cases to which they apply and such documents will be filed both in the master case file and the specified individual case files.

II. **APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL**

3) Plaintiffs Martin Smilow and Evan Tobias are appointed Lead Plaintiffs. Nothing in this order shall be deemed to constitute a finding that Lead Plaintiffs have standing to pursue this action, and defendants' agreement to this order is without prejudice to their right to challenge the standing of Lead Plaintiffs.

4) The law firms of Weiss & Lurie and Stull, Stull & Brody are appointed Lead Counsel and the law firm of Rigrodsky & Long, P.A., Liaison Counsel, and they shall have responsibility for prosecution of this action in all respects on behalf of plaintiffs.

## III. NEWLY-FILED OR TRANSFERRED ACTIONS

    5)    This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this action.

    6)    When a case that arises out of the same subject matter of the action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

        a.    File a copy of this Order in the separate file for such action;

        b.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

        c.    Make the appropriate entry in the docket for this action.

    7)    Each new case that arises out of the subject matter of the action which is filed in this Court or transferred to this Court, shall be consolidated with this action and this Order shall apply thereto, unless a party objects to consolidation or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any newly-filed or transferred related action. Without further order of this Court, defendants shall have no obligation to respond to any complaint in any such new case.

### IV. THE CONSOLIDATED COMPLAINT

8) On or before July 18, 2008, Lead Plaintiffs will cause to be filed a consolidated complaint (the "Consolidated Complaint"). Defendants are not required to respond to the existing complaints.

9) Within thirty (30) days of the filing of the Consolidated Complaint, defendants shall file their answer or a motion with respect to the Consolidated Complaint.

10) If defendants file a motion to dismiss the Consolidated Complaint, Lead Plaintiffs shall file the opposition thereto within thirty (30) days of the service thereof. Defendants shall have fifteen (15) days after service of Lead Plaintiffs' opposition to file a reply, if any, in support of the motion to dismiss.

### V. DISCOVERY AND FURTHER PROCEEDINGS

11) Pending the outcome of a motion to dismiss, it is premature to set a schedule for initial disclosures or to schedule any discovery. In the event that the motion to dismiss is denied (or if defendants choose to answer the Consolidated Complaint rather than move to dismiss), the parties shall meet and confer and propose a schedule for discovery and other proceedings in this action within thirty (30) days of the order denying the motion or the filing of the answer, as the case may be. The proposed schedule shall include: (a) a date for the exchange of information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1; (b) a date for motions to join other parties and amend the pleadings, if any; (c) dates for the completion of interrogatories and document production; (d) provisions regarding the maximum number of interrogatories, requests for admission, and depositions; (e) dates for the exchange of expert reports pursuant to Fed. R. Civ. P. 26(a)(2) and for depositions of such experts; (f) dates for filing case dispositive motions.

12) **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

(b) At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

13) **Case Dispositive Motions**. Other than a motion to dismiss that may be filed pursuant to paragraph 9 above, any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before a date to be agreed pursuant to paragraph 11 hereof. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the Court's procedures for summary judgment motions which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

14) **Applications by Motion**.

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any nondispositive motion shall contain the

2

statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on Procedures for filing non-dispositive motions in non-patent cases (pro se cases excluded). Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

      (b)    No facsimile transmissions will be accepted.

      (c)    No telephone calls shall be made to Chambers.

      (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

15)    **Pretrial Conference and Trial.**  After reviewing the parties' Proposed Scheduling Order to be filed at a later date pursuant to Paragraph 11 above, the Court will schedule a Pretrial Conference. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

16)    The Court will hold a status conference on September ___, 2008.

DATED: July ___, 2008                SO ORDERED:

                                                                _____
                                                                JUDGE OF THE DISTRICT COURT

100469935_2.DOC